**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
Jessica M. Walker, SBN 250939
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant,
CITY OF FOLSOM

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. KEMPER, an individual, | Case No. 2:07-CV-00678-GGH |
| Plaintiff, | **CONSENT DECREE AND ORDER** |
| v. | |
| CITY OF FOLSOM, a municipality, | Complaint filed: 04/10/2007<br>Amended Compl. filed: 05/09/2007<br>Trial Date: 06/29/2009 |
| Defendant. / | |

### CONSENT DECREE AND ORDER

1. Plaintiff EDWARD KEMPER filed a Complaint on April 10, 2007, an Amended Complaint on May 9, 2007, and government claims dated September 15, 2008, and September 24, 2008, and all subsequent claims, if any, (herein after "Complaints"). The Complaints seeks to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq., § 504 of the Rehabilitation Act of 1973 and California civil rights laws against Defendant, CITY OF FOLSOM (hereafter "Defendant"). Plaintiff has alleged that Defendant violated Title II of the ADA and §§ 54 and 54.1 of the California Civil Code and §§ 4450, et seq., § 11135 of the California Government Code by failing to provide full and equal access to its services, programs and activities. The parties intend by this Consent Decree to resolve all pending and prospective damages and injunctive relief claims concerning Defendant's buildings, facilities, sidewalks, and other public rights of way.

---

**PROPOSED CONSENT DECREE AND ORDER**
00624495.WPD                                                1

2. Defendant CITY OF FOLSOM denies the allegations in the Complaint and by entering into this Consent Decree and Order does not admit liability for any of the allegations in Plaintiffs' Complaints filed in this action. The parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit and prospective lawsuits without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. and pendant jurisdiction.

4. In order to avoid the costs, expense and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the Complaints and Claims filed with this Court and/or which would be filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims other than as provided herein.

WHEREFORE, the parties to this Consent Decree agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant, its employees, agents, officers and representatives that have arisen out of the subject Complaints and claims. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work hereafter described will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

///

        a) <u>Remedial Measures, Physical Work To Be Done</u>: The physical work agreed upon by the Parties is described in **"Exhibit A"** to this Consent Decree, which is attached hereto and incorporated herein by reference as though fully set forth at length at this place.

        b) <u>Remedial Measures, Policy Modifications</u>: The policy modifications agreed to by the Parties are described in **"Exhibit B"** to this Consent Decree which is attached hereto and incorporated herein by reference as though fully set forth at length at this place.

        c) <u>Timing of Physical Corrective Work</u>: The timing of the physical work agreed upon by the Parties included in **"Exhibit A"** will be determined by the CITY OF FOLSOM but in no event, without Court relief, will it take longer than ten (10) years.  In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief, Defendant, or its counsel, will notify the Court and Plaintiff through counsel, if any.  Plaintiff will then either stipulate to an extension of time, based on Defendant's showing of good cause, or if the parties cannot agree, require that Defendant make a motion for relief to the Court, preferably before Magistrate Judge Gregory G. Hollows or if Judge Hollows is unavailable any other Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

7.  The parties have reached agreement regarding Plaintiffs' claims for damages, attorney fees, litigation expenses and costs.  These sums are paid in full satisfaction of Plaintiffs' claims for damages for personal injury, civil rights violations, and any other form of damages, as well as satisfaction of Plaintiff's claims for attorney fees, litigation expenses and costs.

On or before November 11, 2008, provided this Consent Decree is approved by the Court, Defendant will deliver a settlement check in the amount of $245,000 payable to Attorneys Charles Ferguson and Keith Cable and Plaintiff Edward Kemper.

**ENTIRE CONSENT ORDER**

8. This Consent Decree and Order and Exhibits attached to this Consent Decree, which are incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties, and no other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**

9. This Consent Decree and Order shall be binding on Plaintiff EDWARD KEMPER, his attorneys and Defendant CITY OF FOLSOM, and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVE OF CIVIL CODE § 1542:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage which respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply bar any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of § 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

/ / /

/ / /

>   A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

11. Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each, their representative agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint ventures, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with this Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of ten (10) years after the date of entry of this Consent Decree and Order, or until the relief contemplated by this Order is completed, or a Court deems the terms of the Consent Decree fully satisfied, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for ten (10) years after the date of this Consent Decree, or until the relief contemplated by this Order is completed, or a Court deems the terms of the Consent Decree fully satisfied, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**COVENANT NOT TO SUE**

14. Except as provided herein, Plaintiff EDWARD KEMPER and his counsel shall for the next ten (10) years from the date of the above-mentioned Order fully refrain from bringing, inducing, encouraging, or assisting in the bringing of any action or proceeding against CITY OF FOLSOM, its employees, agents, officers or representatives for any

1 claimed violation, act or omission under Title II of the ADA or any of the other laws or
2 statutes asserted in the Complaint, the parties' expert reports and claims referenced herein.
3 "Assisting" does not include mere reference to matters of public record. "Assisting" does
4 include reference to documents, case information, and evidence pertaining to this litigation
5 which are not matters of public record. This covenant not to sue does not preclude the Law
6 Offices of Keith Cable and the attorneys therein from representing a plaintiff who contacts
7 his office after approval of this Consent Decree in damages only action in state court, or from
8 referring a client seeking their assistance to another law firm with regard to any such
9 damages lawsuit; nor does it preclude Plaintiff or said Law Offices and attorneys from
10 responding to a valid subpoena or Court order requiring unprivileged information.

11 **GOOD CAUSE**

12     15. If during the period covered by the Consent Decree and Order CITY OF
13 FOLSOM is unable to perform one or more of the duties set out in the Consent Decree and
14 Order, and if the parties are unable to reach agreement after notification of Plaintiff's counsel
15 as required in paragraph 6c, then Defendant may seek relief from the Court, specifically the
16 Honorable Magistrate Judge Hollows, or if he is not available, from any other Magistrate
17 Judge pursuant to 28 U.S.C. § 636(c), and Defendant shall be entitled to such relief upon a
18 showing of good cause.

19     A. If Plaintiff does not believe the Defendant is in compliance with the terms of the
20 Consent Decree, Plaintiff may move the Court to compel compliance subject to the
21 requirements of paragraphs B and C, below. In assessing compliance, Plaintiff intends that
22 the assessment be reasonable in the circumstances.

23

24     B. Plaintiff shall first give Defendant specific reasons, in writing, why Plaintiff
25 believes the Defendant has not complied with the terms of the agreement. Defendant shall
26 provide a written response to the Plaintiff's notification within 30 days of its receipt. Plaintiff
27 shall reply, in writing, informing Defendant of his acceptance or rejection of the Defendant's
28

response within 30 days of its receipt. Plaintiff's notice and Defendant's response thereto shall be sent to the parties' attorneys.

C. If the parties are unable to reach agreement on the problems identified in the Plaintiffs' notice letter, the parties agree to submit to mediation, which will be completed within 45 days after the failure to reach an agreement on the identified problems. If an impasse is not successfully mediated, the parties may submit any disputes to an assigned Magistrate Judge for resolution. If mediation is unsuccessful, Plaintiff may also declare a "material breach" and may move for enforcement. In the event Plaintiff moves this Court to enforce this Consent Decree, Plaintiff is entitled to reasonable attorneys' fees, costs, and litigation expenses, including expert fees and costs, pursuant to 42 U.S.C. § 12205 of the Americans with Disabilities Act, if Plaintiff is the prevailing party and the Court determines that the City's position was not reasonable. Likewise, the City is entitled to reasonable attorneys' fees, costs, and litigation expenses, including expert fees and costs, if it is the prevailing party in a matter on which a party seeks court relief and the court determines Plaintiff's position was not reasonable.

**ANNUAL REPORTING:**

16.     Defendant shall provide Plaintiff with an annual written report on modifications completed during the preceding year pursuant to this Consent Decree. The report shall address the status of work done under this Consent Decree for the preceding year, the work anticipated for the upcoming year, and any difficulties in complying with the Consent Decree. The reports shall be due each year on the anniversary of the date of execution of this Consent Decree.

/ / /

/ / /

**SIGNATORIES BIND PARTIES:**

17. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: October 30, 2008    By:   /S/ EDWARD KEMPER
                                 Plaintiff EDWARD KEMPER

Dated: October 30, 2008    By:   /S/ KERRY MILLER
                                 Kerry Miller, City Manager
                                 CITY OF FOLSOM

Dated: October 30, 2008    By:   /S/ BRUCE C. CLINE
                                 Bruce C. Cline, City Attorney
                                 CITY OF FOLSOM

APPROVED AS TO FORM

Dated: October 30, 2008    CABLE LAW OFFICES

                           By:   /S/ KEITH D. CABLE
                                 Keith D. Cable, Esq.
                                 Attorney for Plaintiff,
                                 EDWARD KEMPER

**ORDER**

Pursuant to stipulation and good cause shown, IT IS SO ORDERED. The Clerk shall enter judgment in favor of plaintiff Kemper pursuant to the terms of this Consent Decree and Order.

Dated: October 31, 2008

                                 /s/Gregory G. Hollows
                                 Magistrate Judge Gregory G. Hollows
                                 United States District Court

kemper.consd